**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5064-16T1

BRIAN PALADINO,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 27, 2019 – Decided April 17, 2019

Before Judges Koblitz and Currier.

On appeal from the New Jersey Department of Corrections.

Brian Paladino, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Brian Paladino, a State inmate, appeals from the sanction imposed by the Department of Corrections (DOC) after a finding of guilt of committing a prohibited act. Appellant contends the sanction of thirty days loss of recreational privileges is not permissible under N.J.A.C. 10A:4-5. We affirm.

Appellant was charged with several prohibited acts after striking his cellmate with a cane. Following a disciplinary hearing, appellant was found guilty of *.306, "conduct which disrupts or interferes with the security or orderly running of the correctional facility"; and *.014, "unauthorized physical contact with any person with an article, item or material, such as anything readily capable of inflicting bodily injury." The hearing officer noted appellant's written statement in which he admitted striking his cellmate with a cane, and video surveillance footage depicting the act.

The hearing officer imposed sanctions of thirty days loss of recreational privileges, 180 days of administrative segregation, and 120 days loss of commutation time. The officer advised the sanctions were imposed to "maintain the orderly running of the institution" and the situation could have been much worse if officers were not already on the floor responding to issues with appellant.

A-5064-16T1

Appellant appealed the decision, arguing the proper infraction was *.014[1] and the hearing was untimely. The DOC reviewed and affirmed the findings and sanctions.[2]

On appeal, appellant raises a new argument, contending the imposed sanction of loss of recreational privileges is impermissible. We disagree.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Generally, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

A conviction under prohibited act *.014 results in a sanction of no less than ninety-one days of administrative segregation, as well as one or more of the additional sanctions required under N.J.A.C. 10A:4-5.1(g). Thirty days loss of recreational privileges is one of the additional sanctions listed. N.J.A.C. 10A:4-5.1(g)(1) ("Loss of one or more correctional facility privileges up to [thirty] calendar days.").

---

[1]  Appellant was originally charged with *.003, "assaulting any person with a weapon." However, the charge was modified to a *.014 infraction by the hearing officer.

[2]  Appellant does not reassert these contentions in this appeal.

A-5064-16T1

The decision of the hearing officer was based on sufficient credible evidence, and the decision of the DOC was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5064-16T1